UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
SECURITIES INVESTOR PROTECTION
CORPORATION,                                           :       Adv. Proc. No. 08-01789 (SMB)
                                                       :
           Plaintiff,                                 :       SIPA LIQUIDATION
                                                       :
       v.                                          :       (Substantively Consolidated)
                                                       :
BERNARD L. MADOFF INVESTMENT                           :
SECURITIES LLC,                                        :
                                                       :
           Defendant.                                :
-----------------------------------------------------------X
                                                       :
In re:                                                 :
                                                       :
BERNARD L. MADOFF,                                     :
                                                       :
           Debtor.                                   :
-----------------------------------------------------------X
                                                       :
IRVING H. PICARD, Trustee for the                      :
Liquidation of Bernard L. Madoff Investment            :
Securities LLC,                                        :
                                                       :
           Plaintiff,                                :
                                                       :
     v.                                          :
                                                       :
DEFENDANTS IN ADVERSARY                                :
PROCEEDINGS LISTED ON APPENDIX                         :
ATTACHED HERETO,                                       :
                                                       :
           Defendants.                               :
-----------------------------------------------------------X

**MEMORANDUM DECISION DENYING THE TRUSTEE'S
MOTION FOR DISCOVERY PURSUANT TO RULE 26(d) OF
THE FEDERAL RULES OF CIVIL PROCEDURE**

**A P P E A R A N C E S:**

BAKER & HOSTETLER LLP
45 Rockefeller Plaza

New York, NY 10111

>David J. Sheehan, Esq.
>Regina L. Griffin, Esq.
>Thomas L. Long, Esq.
>Matthew Feil, Esq.
>Camille C. Bent, Esq.
>>Of Counsel

-and-

WINDELS MARX LANE & MITTENDORF, LLP
156 West 56th Street
New York, NY 10019

>Howard L. Simon, Esq.
>>Of Counsel

*Attorneys for Irving H. Picard, Trustee*
 *for the Liquidation of Bernard L. Madoff*
 *Investment Securities LLC*

CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, NY 10006

>Carmine D. Boccuzzi, Esq.
>Erica Klipper, Esq.
>Pascale Bibi, Esq.
>>Of Counsel

*Attorneys for Citibank N.A. and Citibank*
 *North America, Inc.*

O'MELVENY & MYERS LLP
Seven Times Square
New York, NY 10036

>William J. Sushon, Esq.
>Daniel Shamah, Esq.
>>Of Counsel

*Attorneys for Mistral (SPC) and*
 *Zephyros Limited*

LATHAM & WATKINS LLP
885 Third Avenue
New York, NY 10022

>Christopher R. Harris, Esq.
>Thomas J. Giblin, Esq.
>>Of Counsel

- 2 -

*Attorneys for ABN AMRO Bank (Ireland) Ltd. (f/k/a Fortis Prime Fund Solutions Bank (Ireland) Ltd.) (n/k/a ABN AMRO Retained Custodial Services (Ireland) Limited) and ABN AMRO Custodial Services (Ireland) Ltd. (f/k/a Fortis Prime Fund Solutions Custodial Services (Ireland) Ltd.)*

SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022

> Brian H. Polovoy, Esq.
> Randall L. Martin, Esq.
>> Of Counsel

*Attorneys for Citrus Investment Holdings Ltd.*

DAVIS & GILBERT LLP
1740 Broadway
New York, NY 10019

> Brian M. Ginsberg, Esq.
> James R. Serritella, Esq.
>> Of Counsel

*Attorneys for Natixis Financial Products LLC (as successor-in-interest to Natixis Financial Products Inc.)*

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019

> Martin Flumenbaum, Esq.
> Andrew J. Ehrlich, Esq.
>> Of Counsel

*Attorneys for Inter Investissements S.A. (f/k/a Inter Conseil S.A.), in its capacity as former Liquidator of Oréades SICAV*

THOMPSON HINE LLP
335 Madison Avenue, 12th Floor
New York, NY 10017

> Emily Mathieu, Esq.
> Barry M. Kazan, Esq.
>> Of Counsel

*Attorneys for Square One Fund Ltd.*

CLIFFORD CHANCE US LLP
31 West 52nd Street
New York, NY 10019

    Jeff E. Butler, Esq.
    Rijie Ernie Gao, Esq.
        Of Counsel

*Attorneys for Cardinal Management, Inc.*

ALLEN & OVERY LLP
1221 Avenue of the Americas
New York, NY 10020

    Michael S. Feldberg, Esq.
        Of Counsel

*Attorneys for ABN AMRO Bank N.V. (presently known as The Royal Bank of Scotland N.V.)*

KATTEN MUCHIN ROSENMAN LLP
575 Madison Avenue
New York, NY 10022

    Anthony L. Paccione, Esq.
    Mark T. Ciani, Esq.
        Of Counsel

*Attorneys for Royal Bank of Canada, Guernoy Limited, RBC Alternative Assets, L.P., and RBC Dexia Investor Services Trust*

DECHERT LLP
1095 Avenue of the Americas
New York, NY 10036

    Neil A. Steiner, Esq.
        Of Counsel

*Attorneys for Equity Trading Portfolio Limited and Equity Trading Fund Limited*

**STUART M. BERNSTEIN**
**United States Bankruptcy Judge**

    Irving H. Picard (the "Trustee"), the trustee for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA"), moves for an order authorizing limited, expedited discovery pursuant to Rule 26(d)(1) of the Federal Rules of Civil Procedure,

made applicable pursuant to Rule 7026 of the Federal Rules of Bankruptcy Procedure, from certain Defendants in the thirteen adversary proceedings listed in the annexed Appendix (the "Avoidance Actions"). For the reasons stated, the Trustee's motion is denied.

## BACKGROUND

### A.    The Avoidance Actions and Rule 2004 Discovery

The Court assumes familiarity with the circumstances leading to the demise of the BLMIS Ponzi scheme perpetrated by Bernard Madoff, the commencement of the BLMIS SIPA liquidation proceeding on December 11, 2008 (the "Filing Date"), and the appointment of the Trustee. *See SIPC v. BLMIS* (*In re BLMIS*), 424 B.R. 122, 124-32 (Bankr. S.D.N.Y. 2010), *aff'd*, 654 F.3d 229 (2d Cir. 2011), *cert. denied*, 567 U.S. 934 (2012). The Avoidance Actions represent thirteen of the remaining adversary proceedings commenced by the Trustee to avoid and recover pre-Filing Date fraudulent transfers from initial and/or subsequent transferees. Nine of the Avoidance Actions were commenced in November or December 2010 and four were commenced in April or June 2012.

Like many bankruptcy trustees, the Trustee utilized Rule 2004 of the Federal Rules of Bankruptcy Procedure to obtain discovery from third parties, including certain of the Defendants in the Avoidance Actions, before commencing his adversary proceedings. In 2009 and 2010, the Trustee served Rule 2004 subpoenas requesting the production of documents on Defendants ABN AMRO Bank N.V. (presently known as

The Royal Bank of Scotland N.V.) ("RBS") ("RBS Subpoena")[1] and Royal Bank of Canada ("RBC") ("RBC Subpoena"),[2] and served two Rule 2004 subpoenas for production of documents on the predecessor to the parent company of Natixis Financial Products LLC ("Natixis") on July 28, 2009 ("Natixis Subpoena I") and on August 26, 2010 ("Natixis Subpoena II").[3] The Trustee also deposed a Natixis officer pursuant to Rule 2004 in October 2010. (*Ginsberg Declaration* at ¶ 7; *Declaration of Regina Griffin in Further Support of the Trustee's Omnibus Motion for Court Order Authorizing Limited Discovery Pursuant to Fed. R. Civ. P. 26(d)(1)*, signed Nov. 20, 2017, at ¶ 8 (ECF Doc. # 16927).) Finally, the Trustee served a Rule 2004 subpoena on Equity Trading Portfolio Ltd. (*See Letter of Regina L. Griffin*, dated Feb. 23, 2018, at 3 n. 1 (ECF Doc. # 17283).) Armed with the fruits of his Rule 2004 pre-litigation discovery, the Trustee commenced over 1,000 adversary proceedings to avoid and recover fraudulent transfers. (*See Trustee's Fifth Interim Report for the Period Ending March 31, 2011*, dated May 16, 2011, at ¶ 6 (ECF Doc. # 4072).)

---

[1] A copy of the RBS Subpoena is attached as Exhibit A to the *Declaration of Michael S. Feldberg in Support of ABN AMRO Bank N.V.'s (presently known as The Royal Bank of Scotland N.V.) Supplemental Memorandum of Law in Opposition to the Trustee's Motion for Pre-Motion-to-Dismiss Discovery*, signed Oct. 6, 2017 ("*Feldberg Declaration*") (ECF Doc. # 16735). The Trustee served substantially similar Rule 2004 subpoenas on "ABN Amro – Netherlands" and "ABN Amro" on March 13, 2009. (*See Feldberg Declaration*, Exs. B & C.) It is unclear whether these subpoenas targeted the same entity, but it seems that RBS's production responded to all three subpoenas. (*Feldberg Declaration* at ¶ 6.)

[2] A copy of the RBC Subpoena is attached as Exhibit A to the *Declaration of Anthony L. Paccione in Opposition to the Trustee's Motion for Discovery on the Good Faith Issue*, signed Oct. 6, 2017 ("*Paccione Declaration*") (ECF Doc. # 16728). RBC's production included documents relating to RBC Alternative Assets, L.P. – an affiliate that would be named as a Defendant in the Trustee's Avoidance Action against RBC. (*Paccione Declaration* at ¶ 3.)

[3] Copies of the Natixis Subpoena I and Natixis Subpoena II are attached as Exhibits A & B to the *Declaration of Bruce M. Ginsberg in Support of Natixis Financial Products LLC's Supplemental Memorandum of Law in Opposition to the Trustee's Motion for Discovery on the Good Faith Issue*, signed Oct. 6, 2017 ("*Ginsberg Declaration*") (ECF Doc. # 16731).

**B.     The Progression of Fraudulent Transfer Law in BLMIS Adversary Proceedings**

The nine Avoidance Actions commenced in 2010 pled claims to avoid and recover fraudulent transfers under New York and/or federal bankruptcy law. These included claims asserted against initial transferees under 11 U.S.C. §§ 548(a) and 550(a)(1) and/or claims against immediate or mediate transferees under 11 U.S.C. § 550(a)(2). The four Avoidance Actions commenced in 2012 were limited to claims to recover avoidable transfers from immediate or mediate transferees.

The need for expedited discovery, according to the Trustee, is the product of changes in the law resulting from a series of decisions issued by the District Court in the BLMIS cases. Ordinarily, an initial transferee may defend a fraudulent transfer action brought under Bankruptcy Code § 548(a) by showing that he received the transfer in good faith and for value. 11 U.S.C. § 548(c). Section 548(c) is an affirmative defense, and the transferee bears the burden of proof. *Marshall v. Picard* (*In re BLMIS*), 740 F.3d 81, 90 n. 11 (2d Cir. 2014) ("A recipient of a transfer is entitled to a 'good faith' defense upon a showing that it took the transfer 'for value' and 'in good faith.'"); *Christian Bros. High Sch. Endowment v. Bayou No Leverage Fund, LLC* (*In re Bayou Grp., LLC*), 439 B.R. 284, 308 (S.D.N.Y. 2010) ("A transferee bears the burden of proving that it took: (1) 'for value ... to the extent that [it] gave value' to the debtor in exchange for such transfer and (2) 'in good faith.'"); *Silverman v. Actrade Capital, Inc.* (*In re Actrade Fin. Techs. Ltd.*), 337 B.R. 791, 805 (Bankr. S.D.N.Y. 2005) ("Under the Bankruptcy Code, § 548(c) has been construed as an affirmative defense, all elements of which must be proven by the defendant-transferee.") (internal quotation marks and citation omitted). Moreover, courts typically apply an objective standard to determine

whether a transferee received the transfer in "good faith." *Marshall v. Picard*, 740 F.3d at 90 n. 11 ("The presence of 'good faith' depends upon, *inter alia,* 'whether the transferee had information that put it on inquiry notice that the transferor was insolvent or that the transfer might be made with a fraudulent purpose.'") (quoting *Bayou*, 439 B.R. at 310); *see Bear, Stearns Sec. Corp. v. Gredd* (*In re Manhattan Inv. Fund Ltd.*), 397 B.R. 1, 23 (S.D.N.Y. 2007).

The same principles govern issues relating to the good faith of a subsequent transferee. Section 550(b) provides a defense to a subsequent transferee who "takes for value . . . in good faith, and without knowledge of the voidability of the transfer avoided . . . ." 11 U.S.C. § 550(b). The majority of courts place the burden of proving the defense on the subsequent transferee. *See Genova v. Gottlieb* (*In re Orange Cty. Sanitation, Inc.*), 221 B.R. 323, 330 (Bankr. S.D.N.Y. 1997) (placing burden on subsequent transferee); *Hooker Atlanta (7) Corp. v. Hocker* (*In re Hooker Invs., Inc.*), 155 B.R. 332, 337 (Bankr. S.D.N.Y. 1993) ("The party seeking recourse to section 550(b) has the burden of proof on these issues.") (citation omitted); *accord* 5 ALAN N. RESNICK & HENRY J. SOMMER, COLLIER ON BANKRUPTCY, ¶ 550.03[5] at 550-30 (16th ed. Apr. 2018 update) (noting the split in authority but stating that the "better-reasoned position" is to place the burden on the transferee). The "good faith" requirement under section 550(b), like section 548(c), is typically analyzed under an objective standard. *See Mazer-Marino v. S.J.P.B., Inc.* (*In re Thakur*), 498 B.R. 410, 420 (S.D.N.Y. 2013) ("Lower courts in this Circuit have similarly held that inquiry notice of a debtor's possible insolvency suffices to impart liability.") (quoting *Bruno Mach. Corp. v. Troy Die Cutting Co., LLC* (*In re Bruno Mach. Corp.*), 435 B.R. 819, 849 (Bankr. N.D.N.Y. 2010)).

Different rules, however, govern the BLMIS cases arising from Madoff's Ponzi scheme. The District Court has held that "good faith" within the meaning of section 548(c) must be reviewed under a subjective standard, *Picard v. Katz*, 462 B.R. 447, 455-56 (S.D.N.Y. 2011), *abrogated on other grounds by SIPC v. BLMIS (In re BLMIS)*, 513 B.R. 437 (S.D.N.Y. 2014), and "to establish a lack of 'good faith' on the part of securities customers under § 548(c) in the context of a SIPA bankruptcy, the trustee must show that the customer either actually knew of the broker's fraud or 'willfully blinded' himself to it." *Picard v. Avellino*, 469 B.R. 408, 412 (S.D.N.Y. 2012). In *SIPC v. BLMIS* (*In re BLMIS*), 516 B.R. 18 (S.D.N.Y. 2014) ("*Good Faith Decision*"), the District Court reaffirmed the applicability of the subjective standard under section 548(c), *id.* at 22, and extended it to the "good faith" of subsequent transferees under section 550(b). *Id.* at 22-23 ("[I]n the context of this litigation and with respect to both section 548(c) and 550(b)(1), 'good faith' means that the transferee neither had actual knowledge of the Madoff Securities fraud nor willfully blinded himself to circumstances indicating a high probability of such fraud."). In addition, the burden of pleading and proving good faith in a SIPA fraudulent transfer action rests with the SIPA trustee, *id.* at 24, and the complaint must include "particularized allegations that the defendants . . . knew of Madoff Securities' fraud or willfully blinded themselves to it" to survive a motion to dismiss for failure to state a claim. *Id.*; *see also id.* at 24 n. 4. In the District Court's view, putting the burden on the Trustee was not unreasonable given the Trustee's "extensive discovery powers" under Federal Bankruptcy Rule 2004. *Id.* at 24 n. 5.

**C.     The Current Motion**

Within months of the *Good Faith Decision*, the Trustee filed his *Motion for Leave to Replead Pursuant to Fed. R. Civ. P. 15(a) and Court Order Authorizing Limited Discovery Pursuant to Fed. R. Civ. P. 26(d)(1)*, dated Aug. 28, 2014 ("*Motion*") (ECF Doc. # 7827).[4] The only portion of the *Motion* currently before the Court is the Trustee's request for expedited discovery regarding the Defendants' good faith.[5] (*See Order Concerning Further Proceedings on Trustee's Motion for Leave to Replead and for Limited Discovery*, dated July 24, 2017 (ECF Doc. # 16428).) The Trustee's requests (the "Discovery Requests") are set forth in Exhibit D to the *Declaration of Regina Griffin in Support of the Trustee's Omnibus Motion for Leave to Replead Pursuant to Fed. R. Civ. P. 15(a) and Court Order Authorizing Limited Discovery Pursuant to Fed. R. Civ. P. 26(d)(1)*, signed Aug. 28, 2014 (ECF Doc. # 7828)) and seek documents from the Defendants on the following topics:

---

[4]     The delay in deciding the *Motion* has resulted from the District Court's determination that Bankruptcy Code § 550(a)(2) does not apply extraterritorially, *SIPC v. BLMIS* (*In re BLMIS*), 513 B.R. 222, 232 (S.D.N.Y. 2014), *supplemented by*, No. 12–mc–1151 (JSR), 2014 WL 3778155 (S.D.N.Y. July 28, 2014), and the need to first decide whether the Trustee should be granted leave to replead allegations to establish that certain subsequent transfers were domestic. The Court issued its decision in November 2016 dismissing claims against numerous defendants in approximately ninety adversary proceedings, and appeals from the Court's orders are pending in the Second Circuit. *See SIPC v. BLMIS* (*In re BLMIS*), No. 08-01789 (SMB), 2016 WL 6900689 (Bankr. S.D.N.Y. Nov. 22, 2016), *appeal docketed*, Nos. 17-2992(L), *et al.* (2d Cir. Sept. 27, 2017).

[5]     Having commenced the Avoidance Actions, the Trustee is barred by the "pending proceeding" rule from seeking any further Rule 2004 discovery from the Defendants. *See In re SunEdison, Inc.*, 572 B.R. 482, 490 (Bankr. S.D.N.Y. 2017) ("The pending proceeding rule is based on the different safeguards that attend Rule 2004 and civil litigation discovery, and reflects a concern that a party to litigation could circumvent his adversary's rights by using Rule 2004 rather than civil discovery to obtain documents or information relevant to the lawsuit.") (citations omitted).

1. Documents concerning the review, analysis, due diligence, and ongoing monitoring of actual or prospective investments and transactions involving BLMIS, Feeder Funds,[6] or BLMIS-Related Investment Products,[7]

2. Documents concerning Defendant(s)' investment decision, evaluation, approval, disapproval, or ongoing monitoring of any investments or transactions involving BLMIS, Feeder Funds, or BLMIS-Related Investment Products,

3. Documents concerning fraud, Ponzi, illegality, front-running, investigations, insolvency, or embezzlement at BLMIS or Feeder Funds, and

4. Documents concerning fees, rebates, commissions, retrocessions, or any other remuneration paid to or by Defendant(s), related to investments and transactions involving BLMIS, Feeder Funds, or BLMIS-Related Investment Products.

According to the Trustee, the changes in the law described above constitute cause for the limited discovery under Federal Civil Rule 26(d)(1). (*Motion* at 22-24.) In addition, the Discovery Requests are narrow in scope, (*id.* at 24-25), the Defendants will not be prejudiced, (*id.* at 25-26), and considerations of justice favor production. (*Id.* at 26-28.)

The Defendants collectively oppose the *Motion,* (*see Consolidated Memorandum of Law in Opposition to the Trustee's Motion for Discovery on the Good Faith Issue*, dated Oct. 6, 2017 ("*Objection*") (ECF Doc. # 16724)), and many also submitted individual briefs and declarations. The Defendants assert that the Discovery Requests should be viewed as an improper request under Federal Bankruptcy Rule 2004. (*Objection* at 9.) Moreover, regardless of the burden of proof or the proper standard of review, "good faith" has always been a central issue in the Trustee's fraudulent transfer cases, and the Trustee's Rule 2004 subpoenas served in 2009 and 2010 sought

---

[6]    The term "Feeder Funds" is defined as any company that invested directly or indirectly in BLMIS and such company's affiliates, directors, officers, among others. (*See* ECF Doc. # 7828-5 at p. 3.)

[7]    The term "BLMIS-Related Investment Product" refers to a variety of structured products that reference or is otherwise linked to a Feeder Fund. (*See* ECF Doc. # 7828-5 at p. 3.)

discovery on numerous topics similar to those in the Discovery Requests. (*Id.* at 11-13.) Finally, the Defendants argue that the Trustee has failed to sustain his burden of showing good cause under Federal Civil Rule 26(d)(1). (*Id.* at 15-29.)

The Trustee filed his *Reply Memorandum of Law in Further Support of Motion for Court Order Authorizing Limited Discovery Pursuant to Fed. R. Civ. P. 26(d)(1)* on Nov. 20, 2017 ("*Reply*") (ECF Doc. # 16924), and the Court heard oral arguments on February 8, 2018.[8]

## DISCUSSION

Rule 26(d)(1) of the Federal Rules of Civil Procedure provides in pertinent part, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) except . . . by court order." FED. R. CIV. P. 26(d)(1).[9] "Expedited discovery is not the norm," *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*, 194 F.R.D. 618, 623 (N.D. Ill. 2000); *accord St. Louis Grp., Inc. v. Metals & Additives Corp., Inc.*, 275 F.R.D. 236, 242 (S.D. Tex. 2011) (if expedited discovery was the norm instead of the exception, "there would be no substantive purpose for Federal Rule 26(d)(1)"), and a party should not ordinarily seek expedited merits discovery under Rule 26(d)(1). *See Attkisson v. Holder*, 113 F. Supp. 3d 156, 163 (D.D.C. 2015) ("when a plaintiff's discovery requests would go to the heart of the case, such that they become discovery that seeks to prove an element of the plaintiffs' case, a request for expedited discovery is

---

[8]     A copy of the transcript is available at ECF Doc. # 17438 and references to the transcript will be denoted as "*Hr'g Tr.* at _:_."

[9]     The parties have yet to confer under Federal Civil Rule 26(f). The parties explained during oral argument that they are waiting until after the Court decides the branch of the *Motion* seeking leave to amend the existing complaints. (*Hr'g Tr.* at 21:17-25:21.)

inappropriate") (internal quotation marks, alterations and citation omitted). The rule is silent about when an order granting expedited discovery might be appropriate, but most courts in the Second Circuit apply a "flexible standard of reasonableness and good cause," which examines "all of the surrounding circumstances." *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 326-27 (S.D.N.Y. 2005) (internal quotation marks and citations omitted) (Lynch, DJ); *see also id.* at 326 ("[I]t seems that the intention of the rule-maker was to confide the matter to the Court's discretion, rather than to impose a specific and rather stringent test."); *accord Stern v. Cosby*, 246 F.R.D. 453, 457 (S.D.N.Y. 2007) (Chin, DJ).[10]

The Federal Rules Advisory Committee suggests that expedited discovery could be proper in connection with "requests for a preliminary injunction or motions challenging personal jurisdiction." FED. R. CIV. P. 26 advisory committee's note (1993); *see, e.g.*, *3M Co. v. HSBC Bank USA, N.A.*, No. 16 Civ. 5984 (PGG), 2016 WL 8813992, at *2 (S.D.N.Y. Oct. 21, 2016) (permitting limited, expedited discovery from HSBC bank in advance of a preliminary injunction hearing); *S & S Mgmt., Inc. v. White*, No. 3:15-cv-00122 (FDW)(DSC), 2015 WL 3818881, at *1-2 (W.D.N.C. June 18, 2015) (granting expedited discovery to address the issue of personal jurisdiction); *OMG Fidelity, Inc. v. Sirius Techs., Inc.*, 239 F.R.D. 300, 305 (N.D.N.Y. 2006) (granting expedited discovery to support a preliminary injunction application). Further, it is becoming increasingly common to allow expedited discovery in copyright infringement cases to identify Doe

---

[10] A limited number of courts have followed the standard set forth in *Notaro v. Koch*, 95 F.R.D. 403, 405 (S.D.N.Y. 1982), which reviewed an expedited discovery request under a standard similar to that required to obtain a preliminary injunction. This approach was rejected by then-District Judges Chin and Lynch in *Stern*, 246 F.R.D. at 457 and *Ayyash*, 233 F.R.D. at 326.

defendants, and expedited discovery may be appropriate in trademark infringement cases to inquire into ongoing infringement. 6 DANIEL R. COQUILLETTE ET AL., MOORE'S FEDERAL PRACTICE § 26.121[2] at 26-579 (3d ed. 2017). Other cases have found good cause for expedited discovery when there is a possibility of evidence destruction, *see Monsanto Co. v. Woods*, 250 F.R.D. 411, 413-14 (E.D. Mo. 2008), or an allegation of witness tampering. *See Stern*, 546 F.R.D. at 457-58.

The Trustee has failed to show a need for expedition or any prejudice if he doesn't get it. He is asserting fraudulent transfer claims, his expedited discovery request is obviously merit-based, and he can and should address his requests with the Defendants at the Rule 26(f) conferences. The apparent urgency may lie in his perceived inability to adequately plead the Defendants' lack of good faith, but a litigant is not ordinarily entitled to pre-litigation discovery to enable him to allege a legally sufficient claim for relief. The Defendants suggest, in this regard, that the Trustee's motion has all of the earmarks of a request for pre-litigation Rule 2004 discovery that is foreclosed by the pending proceeding rule.

The Trustee cites several cases in support of expedited merits-based discovery, but his authorities are distinguishable. Two involved expedited discovery in connection with applications for preliminary injunction. *HSBC Bank*, 2016 WL 8813992, at *1-2; *OMG Fidelity*, 239 F.R.D. at 305. The 1993 advisory committee note stated that

expedited discovery might be appropriate in connection with preliminary injunction motions.[11]  The Trustee is not seeking a preliminary injunction.

The Trustee also directed the Court to *Quintero Family Trust v. Onewest Bank, F.S.B.*, Civil No. 09cv1561 (AJB), 2009 WL 3381804 (S.D. Cal. Oct. 16, 2009).  (*See Hr'g Tr.* at 27:8-23.)  That case involved allegations of predatory lending and abuse of the elderly by mortgage lenders and related parties, and certain defendants moved for dismissal.  *Id.*, at *1.  The plaintiffs sought expedited discovery related to the assignments of the promissory note and the trust deed, and a full accounting of the loan.  *Id.*  They argued that Rule 26(d)(1) discovery was necessary because the plaintiffs were "very senior and suffering from age-related infirmities."  *Id.*  On that basis, the Court allowed the discovery with respect to the loan documents and the assignments because "the interests of justice outweigh any prejudice to the Defendants."  *Id.*, at *2.

The Trustee does not suffer from the disadvantages that the elderly *Quintero* plaintiffs did.  To the contrary, the Trustee, with the assistance of his counsel and other professionals, "extensively investigated [BLMIS'] financial affairs both within the United States and abroad."  (*Trustee's Fourth Interim Report for the Period Ending September 30, 2010*, dated Oct. 29, 2010 ("*Trustee's Fourth Report*"), at ¶ 59 (ECF Doc. # 3083).)  In a report issued around the time he commenced the majority of his adversary proceedings, the Trustee stated that he had issued "more than 1,110 subpoenas"

---

[11] This does not give a preliminary injunction applicant an absolute right to merits discovery under Rule 26(d)(1), and courts must tailor the discovery as appropriate.  *See Guttenberg v. Emery*, 26 F. Supp. 3d 88, 98 (D.D.C. 2014) ("plaintiffs seek relatively broad discovery on issues going to the merits . . . their discovery requests are not narrowly tailored to reveal information related to the preliminary injunction as opposed to the case as a whole").

pursuant to Federal Bankruptcy Rule 2004 seeking documents from individuals, funds, and banks, and "conducted hundreds of interviews and depositions." (*Id.*)

A review of the Rule 2004 subpoenas also undercuts the Trustee's core argument that the change in the good faith standard (from objective to subjective) and the burden of pleading and proving subjective good faith provide "cause" for the expedited discovery.[12] Regardless of changes to the standard and burden of pleading, the defendant's good faith has been an issue in every case from the start, and as the chart below reflects, the Rule 2004 subpoenas issued to Defendants years before the law changed sought the same discovery he now seeks relating to the Defendants' due diligence and monitoring, their decision to invest directly or indirectly with BLMIS, their knowledge of illegality and the fees they paid or received:

| **Trustee's Current Request** | **RBS Subpoena Request** | **RBC Subpoena Request** | **Natixis Subpoena I Request** | **Natixis Subpoena II Request** |
|---|---|---|---|---|
| Discovery Request #1: due diligence of BLMIS, Feeder Funds or Related Inv. Products | 3, 4, 13, 17 | 21, 22, 23, 39, 49, 50 | 21, 22, 23, 39, 49, 50 | 3, 19, 20 |
| Discovery Request #2: decision to invest with BLMIS, Feeder Funds or Related Inv. Products and ongoing monitoring | 3, 4, 13 | 42, 48 | 42, 48 | 4, 12, 19 |
| Discovery Request #3: knowledge of illegality at BLMIS or Feeder Funds | 12, 14, 16, 18 | 38, 43, 44, 46, 47, 48 | 38, 43, 44, 46, 47, 48 | |
| Discovery Request #4: fees paid or received related to BLMIS, | | 24, 25, 26 | 24, 25, 26 | 7, 9 |

---

[12] In his *Reply* at 4-6, the Trustee cites decisions in which courts ruled that an intervening change in controlling law constituted cause to (i) re-open discovery, (ii) amend a complaint, or (iii) reconsider a decision. These cases are not applicable to the Trustee's current request to obtain pre-litigation merits discovery to form the basis of a claim. Moreover, as discussed, the Trustee's assertion of prejudice due to the change in law is not entirely credible.

| Feeder Funds or Related Inv. Products | | | | |
|---|---|---|---|---|

In fact, many of the extant complaints in the Avoidance Actions served before the changes in the law the Trustee has identified already alleged that the Defendants received the transfers in subjective and objective bad faith. (*See, e.g.*, *Amended Complaint*, dated Aug. 12, 2012, at ¶ 8 ("As described more fully below, [RBS] received these subsequent transfers of BLMIS customer property under circumstances in which they knew or should have known of the fraud at BLMIS.") (ECF Adv. Proc. No. 10-05354 Doc. # 47); *Complaint*, dated Dec. 8, 2010, at ¶ 3 ("At the times when Natixis . . . received subsequent transfers of BLMIS Customer Property . . . [it] was armed with both public and considerable non-public information about Madoff and BLMIS, which raised numerous red flags of possible fraud at BLMIS.") (ECF Adv. Proc. No. 10-5353 Doc. # 1); *Complaint*, dated Nov. 24, 2010, at ¶ 40 ("Defendants . . . knew or should have known that [the] purported account activity was inconsistent with legitimate trading activity and credible returns.") (ECF Adv. Proc. No. 10-04287 Doc. # 1); *Complaint*, dated Nov. 29, 2010, at ¶ 4 ("Since its inception, Square One received $26,262,331 from BLMIS under circumstances that put it on actual or inquiry notice of indicia of fraud at BLMIS.") (ECF Adv. Proc. No. 10-04330 Doc. # 1); *Complaint*, dated Nov. 30, 2010, at ¶ 41 ("Equity Trading willfully ignored . . . indicia of fraud and/or irregular trading") (ECF Adv. Proc. No. 10-04457 Doc. # 2); *Complaint*, dated Dec. 8, 2010, at ¶ 3 ("Armed with public and considerable non-public information about Madoff, Citi knew or should have known of possible fraud at Madoff's investment advisory business.") (ECF Adv. Proc. No. 10-5345 Doc. # 1); (*Amended Complaint*, dated July 3, 2012, at ¶ 7 ("the Defendants received these subsequent transfers of BLMIS Customer Property under circumstances

- 17 -

in which they knew or should have known of the fraud at BLMIS") (ECF Adv. Proc. No. 10-05355 Doc. # 42)).)

Presumably, the Trustee had facts to support these allegations. He should prosecute the balance of the *Motion*, and if he is permitted to amend his complaints, participate in Rule 26(f) conferences with the Defendants and thereafter seek discovery. Accordingly, the branch of the Trustee's *Motion* seeking expedited discovery pursuant to Federal Civil Rule 26(d)(1) is denied. Settle Order.

Dated:  New York, New York
        June 5, 2018

                              /s/ *Stuart M. Bernstein*
                              STUART M. BERNSTEIN
                              United States Bankruptcy Court

# APPENDIX

*Picard v. Cardinal Management Inc.*, Adv. Proc. No. 10-04287 (SMB)

*Picard v. Square One Fund Ltd.*, Adv. Proc. No. 10-04330 (SMB)

*Picard v. Equity Trading Fund*, Adv. Proc. No. 10-04457 (SMB)

*Picard v. Citrus Investment Holdings, Ltd.*, Adv. Proc. No. 10-04471 (SMB)

*Picard v. Oréades SICAV*, Adv. Proc. No. 10-05120 (SMB)

*Picard v. Citibank, N.A.*, Adv. Proc. No. 10-05345 (SMB)

*Picard v. Natixis S.A.*, Adv. Proc. No. 10-05353 (SMB)

*Picard v. ABN AMRO Bank, N.V. (n/k/a The Royal Bank of Scotland)*, Adv. Proc. No. 10-05354 (SMB)

*Picard v. ABN AMRO Bank (Ireland) Ltd.*, Adv. Proc. No. 10-05355 (SMB)

*Picard v. Mistral (SPC)*, Adv. Proc. No. 12-01273 (SMB)

*Picard v. Zephyros Limited*, Adv. Proc. No. 12-01278 (SMB)

*Picard v. Banque Internationale à Luxembourg S.A.*, Adv. Proc. No. 12-01698 (SMB)

*Picard v. Royal Bank of Canada*, Adv. Proc. No. 12-01699 (SMB)